## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRISTEN POSHARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-324-SMY |
| | ) |
| **MADISON COUNTY, ILLINOIS,** | ) |
| **PHILIP CHAPMAN,** | ) |
| **KURTIS PRENZLER, and** | ) |
| **DOUGLAS HULME, Individually,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kristen Poshard filed this action against Defendants Madison County, Illinois, Philip Chapman, Kurtis Prenzler, and Douglas Hulme, alleging wage discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Illinois Human Rights Act. Now pending before the Court is Madison County's Motion for Leave to Amend its Answer (Doc. 134), which Plaintiff opposes (Doc. 136).

Pursuant to Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once by right, that party may amend the pleading again only by leave of court or by written consent of the adverse party. While Rule 15(a) is discretionary, leave to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party. See, *Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir. 2000).

Madison County asserts that it answered affirmatively to being Plaintiff's employer in its Answer to Plaintiff's First Amended Complaint based on information available to it at the time. It

now moves to amend its Answer to assert that it was not Plaintiff's employer based on its investigation and information adduced during discovery – that Plaintiff was actually employed, supervised, and managed by the Madison County Board Chairman (Prenzler) and his County Administrator (Hulme), both whom are independently elected executive branch officials (Plaintiff has sued Prenzler and Hulme in their individual capacities).

Plaintiff opposes the amendment, arguing that Madison County has not provided good cause to amend and that Plaintiff will be prejudiced by the amendment. Madison County has articulated good cause to amend its Answer to conform its assertions to information adduced during discovery regarding the employer-employee relationship.  Further, an amendment at this juncture would not unfairly prejudice Plaintiff as the question of Madison County's status as Plaintiff's employer has been the subject of multiple discovery disputes between the parties. Additionally, discovery is ongoing and the dispositive motion deadline has not elapsed. As such, Plaintiff will have ample notice of Madison County's position and potential defense. Accordingly, Madison County's Motion for Leave to Amend its Answer is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  July 16, 2020**

**STACI M. YANDLE**
**United States District Judge**