IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTEN POSHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:19-cv-00324-SMY-GCS |
| ) | |
| MADISON COUNTY, IL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM & ORDER

SISON, Magistrate Judge:

#### INTRODUCTION AND BACKGROUND

Before the Court is Plaintiff Kristen Poshard's motion to compel, which seeks to have Defendant Madison County produce recordings of its executive sessions. (Doc. 109). The instant matter was referred to the Court by United States District Judge Staci M. Yandle. (Doc. 111).

Pursuant to discovery, Poshard requested information related to her employment and discharge. (Doc. 109, ¶ 1). In a supplemental discovery response, Madison County produced a privilege log indicating that it was withholding executive session tapes that responded to some of Poshard's discovery requests. *Id.* In her motion, Poshard argued that she could not meaningfully assess the claimed privilege given the description provided by Madison County in its log. *Id.* at ¶4-5. Poshard further argued that the presence of an attorney did not mean the entire meeting was privileged. *Id.* at ¶ 5. She finally argued that not all communications between an

attorney and his or her client were privileged and noted that the privilege would not protect, for example, the disclosure of underlying facts. *Id.*

Madison County filed an opposition in response. (Doc. 119). It argued that the session tapes were protected by the attorney-client privilege because counsel had been invited to participate in order to solicit legal advice. *Id.* at p. 3. It further argued that the privilege extended to each of the individuals participating in the closed session because the group of individuals collectively were the client, *i.e.*, the Madison County Board. *Id.* at p. 2.

A hearing was held on May 19, 2020, at which time the Court heard argument from the parties. (Doc. 121). Plaintiff's counsel argued that it was unlikely the entirety of the executive session meetings was privileged. *Id.* Defense counsel countered that other matters were discussed in executive session not pertaining to the instant litigation, but in any event, attorneys attended in order to provide legal advice. *Id.* Upon questioning by the Court, however, Defense counsel conceded that if underlying facts regarding this matter were communicated at such sessions, those facts would not be privileged. *Id.* Given the inherent difficulties in being able to assess the applicability of the attorney-client privilege to these sessions from the description provided in the logs, the Court agreed to undertake an in-camera review of the session tapes. *Id.* The Court received the executive session tapes on a thumb drive from Defense counsel in a letter dated June 4, 2020.

After the Court completed its in-camera review of the executive session tapes, the Court held another hearing on July 22, 2020, to announce its decision. (Doc. 149).

The Court granted in part and denied in part Poshard's request. *Id.* The Court, however, agreed to memorialize its decision so that the Court could provide in writing to Madison County the precise time stamps that it was ordering to be produced to Ms. Poshard.

## DISCUSSION

As an initial matter, the Court notes that Madison County bears the burden of presenting sufficient facts to demonstrate the existence of the privilege. *See United States v. Tratner*, 511 F.2d 248, 252 (7th Cir. 1975). The establishment of the privilege requires a showing of the following: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except [where] the protection be waived." *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). The Court finds that Madison County has met this burden through its in-camera production of the executive session tapes. After multiple and careful reviews of these tapes, the Court agrees with Madison County and concludes that most of the session tapes are, in fact, privileged as they meet the required elements for the establishment of the privilege.

### A. The Court's In-Camera Review

The Court was provided with tapes of four sessions of varying lengths. Present at three of the sessions was attorney, John L. Gilbert of the Sandberg Phoenix law firm. Present for all of the sessions was Madison County State's Attorney Tom

Gibbons, who serves as the chief legal advisor for Madison County.[1] It is evident from a review of the tapes that the presence of Mr. Gilbert and Mr. Gibbons at these sessions was to provide the Madison County Board with legal advice regarding the termination of Ms. Poshard's employment and the consequences of potential litigation that may result from such a decision. These sessions consisted of either Mr. Gilbert and/or Mr. Gibbons speaking about the matter at the start of such sessions. The sessions then continued with various questions and/or comments being posed and/or directed to either Mr. Gilbert and/or Mr. Gibbons by the various board members. Clearly, the intent of such questions and/or comments was to seek the legal advice and opinions of the attorneys regarding the matter. Because these sessions consisted of communications between the attorneys and members of the Madison County Board and were for the purposes of obtaining legal advice and/or services, the Court finds that the attorney-client privilege attaches to the executive session tapes. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).

These sessions, however, did not simply involve questions directed to the attorneys from the members of the Madison County Board. It also included debate and discussion amongst the various members based on the legal advice and recommendations made by the attorneys. In fact, the advice and recommendations given by the attorneys were intricately connected to the discussion and debates between the various board members. For example, the discussion at times would involve points made by various board members incorporating the advice given to

---

[1] *See* https://www.co.madison.il.us/departments/state_s_attorney/about_the_office.php, last visited on July 29, 2020.

them by the attorneys. Even though the communication was not made by an attorney, such discussions would nevertheless be privileged. *See, e.g., Sandholm v. Dixon Public School Dist. No. 170*, No. 09-C-50119, 2010 WL 899032, at *4 (N.D. Ill. Mar. 10, 2010)(noting that board member who relays to other board members a statement made by an attorney that constituted legal advice was subject to attorney-client privilege).

The question then becomes whether these debates and discussions are privileged as well, and the Court believes that it is. The purpose of the attorney-client privilege is "to encourage full and frank communications between attorneys and their clients . . . ." *Sandholm*, 2010 WL 899032, at *4 (N.D. Ill. Mar. 10, 2010)(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The debate between the various board members flowed from the advice and recommendation initially given by the attorneys at the beginning of the meeting. With the attorneys present, the board members spoke freely with each other about the advice given, and implicit during the session was the notion that the board members were seeking legal guidance even if not explicitly seeking it through a question directed to an attorney. To illustrate this point, the attorneys would at times interject and correct various board members regarding certain misconceptions that arose during the debate with respect to the advice and recommendation given by the attorneys. If the attorney-client privilege did not attach to such discussions, the protections of the privilege would be meaningless. *See, e.g., Chumbley v. Board of Education for Peoria Dist. 150*, No. 1:14CV01238, 2015 WL 4572777 at *1 (C.D. Ill. July 29, 2015)(stating that

"discussion by Board members of legal advice sought and obtained from counsel at a Board meeting can fall within the privilege, as they should be able to discuss the legal advice rendered to them by their counsel without waiving the **privilege**.").  Because of the interwoven nature of the advice and recommendation given by the attorneys with the discussion and debates had by the Board members regarding the same, the Court finds that most of the executive sessions tapes are protected by the attorney-client privilege.

However, Ms. Poshard is correct that the attorney-client privilege does not extend to the entirety of these executive sessions.  For example, the privilege does not extend to protect the disclosure of underlying facts. *See Upjohn v. United States*, 449 U.S. 383, 395 (1981). *See also Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 452 (N.D. Ill. 2006)(noting that attorney-client privilege did not "protect disclosure of the underlying facts by those who communicated with the attorney."); *Roth v. Aon Corp.*, 254 F.R.D. 538, 540 (N.D. Ill. 2009)(same). In its in-camera review of these sessions, the Court was able to discern certain questions and/or comments made by various board members and directed to either Chairman Kurt Prenzler and/or then Madison County Administrator Doug Hulme. The responses of Mr. Prenzler and/or Mr. Hulme contained underlying facts regarding the termination of Ms. Poshard that the Court believes is not protected by the attorney-client privilege.

Also, at the executive session held on September 20, 2017, the Board heard from two witnesses regarding their interactions with Ms. Poshard. Board members directed questions and/or comments to these two witnesses and the witnesses responded. Even though attorneys were present, these communications were not

directed to any attorney present nor were such communications designed to solicit and/or obtain legal advice and/or opinions. Rather, the purpose of such communications was to obtain underlying facts to inform the Board's decision regarding Ms. Poshard's employment. Because these matters are not protected by the attorney-client privilege, the Court is ordering the production of various segments of these session tapes as outlined below.

B. Excerpts of Executive Session Tapes to be Produced

    1. Executive County Board Session – Date: August 16, 2017

Attorneys present: John Gilbert (Sandberg Phoenix), Tom Gibbons (Madison County State's Attorney). The following time stamps shall be produced:

Time: 1:46 to 3:31

Time: 6:17 to 6:31

Time: 29:35 to 30:12

    2. Executive County Board Special Session – Date: August 23, 2017

Attorneys present: John Gilbert (Sandberg Phoenix), Tom Gibbons (Madison County State's Attorney). The following time stamps shall be produced:

Time: 16:15 to 21:16

Time: 28:30 to 29:50

Time: 32:41 to 33:58

Time: 38:17 to 41:21

Time: 52:08 to 55:46

Time: 1:11:30 to 1:13:22

3. **Executive County Board Session – Date: September 20, 2017**

Attorneys present: John Gilbert (Sandberg Phoenix), Tom Gibbons (Madison County State's Attorney). The following time stamps shall be produced:

Time: 21:35 to 34:52

Time: 35:14 to 52:01

4. **Executive County Board Session – Date: October 18, 2017**

Attorneys present: Tom Gibbons (Madison County State's Attorney). The following time stamps shall be produced:

Time: 25:02 to 25:44

Time: 27:55 to 28:27

Time: 29:08 to 30:06

Time: 31:04 to 32:06

Time: 32:19 to 32:40

Time: 32:48 to 34:13

## CONCLUSION

In light of the above, the Court hereby **GRANTS** in part and **DENIES** in Part Plaintiff's Motion to Compel Madison County to Produce Executive Session Tapes (Doc. 109). Defendant Madison County shall have **fourteen (14) days** from the date of this Order to produce the previously identified portions of the executive session tapes to Plaintiff.

**IT IS SO ORDERED.**

Dated: August 31, 2020.

Digitally signed by Judge Sison 2
Date: 2020.08.31 14:24:57 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge