IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTEN POSHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:19-cv-00324-SMY-GCS |
| ) | |
| MADISON COUNTY, IL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### MEMORANDUM & ORDER

SISON, Magistrate Judge:

#### INTRODUCTION AND BACKGROUND

Before the Court is Plaintiff Kristen Poshard's Motion to Compel as to Madison County's Supplemental Interrogatory Answers. (Doc. 113). The instant matter was referred to the Court by United States District Judge Staci M. Yandle. (Doc. 111).

Plaintiff propounded her First Interrogatories and Request for Production to which Defendant initially responded in September 2019. (Doc. 113, p. 1). In its responses, Defendant indicated the need for a protective order prior to answering the discovery requests. *Id.* The Court entered the protective order in February 2020. (Doc. 76). Defendant subsequently served its post-protective order answers, which has resulted in the instant motion from Plaintiff.

Plaintiff raises various issues with respect to certain interrogatories that she believes has not been fully answered by Defendant. Plaintiff further claims that certain responses made by Defendant were improper. Plaintiff further asks the Court to overrule

various objections made to certain interrogatories by Defendant. Finally, Plaintiff contends that Defendant failed to preserve its privilege objections to executive session tapes when it initially responded to Plaintiff's discovery.

A hearing was held on May 19, 2020, at which time the Court heard arguments from the parties. (Doc. 121). Defendant, however, filed a response in opposition on the day of the hearing. (Doc. 117). Because Plaintiff's counsel did not have an opportunity to review the filing prior to the hearing, the Court gave Plaintiff an opportunity to file a reply, which Plaintiff did on May 27, 2020. (Doc. 123). Defendant filed a sur-reply on June 2, 2020. (Doc. 127).

The Court held another hearing on July 22, 2020, to announce its preliminary decision. (Doc. 149).[1] The Court granted in part and denied in part Poshard's motion. *Id.* The Court, however, agreed to memorialize its decision in the event any of the parties wished to appeal the Court's decision to the district court.

## DISCUSSION

**A.     Interrogatory No. 2**

Plaintiff propounded the following interrogatory to Defendant:

With regard to the County Board's vote to discharge plaintiff after an executive session, state with regard to the executive session before the vote:

A.     Who recommended plaintiff's discharge;

B.     For each person you name in answer to subpart A, the reasons he or she gave for recommending plaintiff's discharge.

---

[1]     To the extent that anything in this Memorandum and Order conflicts with and/or is inconsistent with the oral ruling pronounced by the Court at the July 22nd hearing, this written Memorandum and Order controls and is the final decision of the Court.

(Doc. 113, Exh. 1, p. 1).

    Defendant responded as follows:

    Defendant objects to Interrogatory No. 2 to the extent this Interrogatory seeks information protected by the attorney work product and/or attorney-client privilege, seeks documents in the possession, custody, or control of Plaintiff, and seeks the mental impressions, conclusions and opinions of counsel. Subject to and without waiving these objections, the County Board Chairman and County Administrator recommended Plaintiff's discharge, for reasons articulated in documents produced by those individual Defendants.

(Doc. 113, Exh. 1, p. 1-2).

    In response to Sub-part A, Defendant named Kurt Prenzler and Douglas Hulme as the individuals who recommended Plaintiff's discharge. (Doc. 113, p. 1). However, Defendant answered Sub-part B (reasons given for Plaintiff's discharge) by referring Plaintiff to documents that were purportedly already produced by Defendant Prenzler and Hulme. Plaintiff argues that the aforementioned answer was deficient because the answer was not present in documents that had been produced in litigation. *Id.* at p. 2.

    Rule 33 permits a party to answer an interrogatory by referring to the production of business records. *See* FED. R. CIV. PROC. 33(d). However, Defendant's answer is not in compliance with Rule 33(d), as the responding party must "specify[] the records that must be reviewed, ***in sufficient detail*** to enable the interrogating party to locate and identify them as readily as the responding party could[.]" FED. R. CIV. PROC. 33(d)(1) (emphasis added). *See also Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1344 (Fed. Cir. 2013)(noting that district court had granted motion to compel because defendant had not provided sufficient detail for plaintiff to locate and identify the answers to interrogatories); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir.

2012)(stating that "[a]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33."). Defendant's mere reference to documents produced by other defendants is clearly insufficient to satisfy the requirements of the rule. Defendant has furthermore not provided or referred to any specific documents in its opposition that would convince the Court that Defendant's reliance on Rule 33(d) was proper. Therefore, Defendant must supplement its response to Interrogatory No. 2.

Plaintiff further argues that Defendant's "to the extent objection" to this interrogatory should be overruled. (Doc. 113, p. 2-3). Plaintiff asserts that under Rule 33(b)(4), an objection must be stated with specificity and be justified. *Id.* at 3. Plaintiff, however, contends that when Defendant stated that it was objecting only if certain grounds applied, it amounted to no objection at all. *Id.*

In support, Plaintiff relies on *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004), where the court ruled that general objections were not objections because they were based on "hypothetical or contingent possibilities[.]" *Id.* at 661. Plaintiff is correct that the practice of interposing general objections is inconsistent with Rule 33, which requires that objections be stated with specificity. *See* FED. R. CIV. PROC. 33(b)(4). *Swackhammer*, however, is of no assistance to Plaintiff because Defendant interposed this objection directly to Interrogatory No. 2, and not as a general objection that potentially could be applied to all interrogatories. Defendant's "to the extent objections" merely indicate that it is interposing various objections should the interrogatory be read by Plaintiff to cover privileged information. And, based on the Court's review of the

Defendant's executive session tapes (as discussed in Doc. 156), Defendant properly interposed such an objection as a cautionary measure. Moreover, Defendant has an obligation to supplement its interrogatory responses. Thus, if Defendant later discovers privileged information covered by this interrogatory, Defendant has already preserved its objection on such grounds. The Court sees no issue with Defendant conditioning its answer in this manner, and therefore denies Plaintiff's request to overrule such objections.[2]

Plaintiff also argues that Defendant waived its right to preserve the attorney-client privilege to this interrogatory. (Doc. 113, p. 3). Prior to the issuance of the Court's protective order, Defendant responded that the requested information was included in "closed records of a public body," but refused to produce it because a protective order was not in place. *Id.* After the protective order was entered, Defendant produced a privilege log indicating that it was withholding these session tapes because of the attorney-client privilege. *Id.* Because Defendant did not assert the attorney-client privilege with its initial answer to this interrogatory, Plaintiff claims that Defendant waived the privilege. *Id.* at 3-4.

Defendant, however, did not waive the privilege. Such a privilege can be waived, but it must be based on some action by the privilege holder demonstrating an intent to waive, whether explicitly or by implication. *See Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). There is no action on behalf of Defendant that could be deemed

---

[2] In her motion to compel, Plaintiff raised her opposition to Defendant's "to the extent objection" to Interrogatory No. 2. She also raised it with respect to other interrogatories, *e.g.,* Interrogatory No. 3 and No. 4. The Court's reasoning applies equally to such interrogatories, except where otherwise noted.

an explicit waiver of the attorney-client privilege. As for implicit waiver, that typically occurs when the privilege holder partially discloses a confidential communication. *Id.* It can also occur when a party takes a position in litigation wherein it would be unfair to protect privileged communications, such as when a party relies on a certain legal claim or defense that would require delving into confidential communications. *Id.* Neither situation is present here. As such, the Court rejects Plaintiff's request to find that Defendant waived its attorney-client privilege objections to the instant interrogatory.

**B.     Interrogatory No. 3**

Interrogatory No. 3 asked the Defendant to answer the following: "[f]or each person who voted to discharge plaintiff, what was his or her reason for doing so?" (Doc. 113, Exh. 2, p. 2). Defendant objected and responded as follows: "[d]efendant objects to Interrogatory No. 3 to the extent this Interrogatory seeks information protected by the attorney work product and/or attorney-client privilege, seeks documents in the possession, custody, or control of Plaintiff, and seeks the mental impressions, conclusions and opinions of counsel. Subject to and without waiving these objections, Defendant refers to Document Bates Labeled MADCO-POSHARD 00763 through MADCO-POSHARD 00818 regarding the names of the individuals who voted to discharge Plaintiff." *Id.*

Plaintiff argues that Defendant did not answer the above interrogatory because Defendant only provided the names of the individuals who voted to discharge the Plaintiff and not the reasons for doing so. (Doc. 113, p. 4). Defendant counters by arguing that Plaintiff served discovery on other parties and Defendants Prenzler and Hulme were

in a better position to respond to Plaintiff's requests. (Doc. 117, p. 2). As noted previously in the discussion to Interrogatory No. 2, this is not an appropriate response or objection. *See, e.g., Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)(noting that "[i]t is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, . . . .")(citations and internal quotation marks omitted).

At the hearing, however, the parties argued over whether it was appropriate to ask an interrogatory that would require an answer of the various members of the Madison County Board. The question the Court posed to the parties was whether the Plaintiff could inquire into the subjective decision making of each individual Board member. Typically, the only information available to the public would be the vote of the entire board as a collective and the names of the individual members who voted for or against a particular measure. An elected Board member would not be required to articulate a rationale for his or her vote, nor would any such rationale be contained in any formal record or document. In light of this question, the Court asked the parties to further brief the issue in the reply and sur-reply briefing.

In her reply brief, Plaintiff argued that Defendant could answer by asking each Board member for his or her reasons for the termination. (Doc. 123, p. 3). In support, Plaintiff argued that Defendant is charged with what its agents know and thus it should obtain the information from the individual Board members. *Id.* Defendant, however, argued that what an entity knows via its agents is different from why an individual member decided to vote a certain way in that a Board member could know a number of

facts, but decide not to rely on any one of those facts in voting for or against a particular proposition. (Doc. 127, p. 3).

This interrogatory presents a novel issue to which there does not appear to be any case authority to guide the Court. Indeed, neither party presented the Court with any specific authority to indicate whether an individual Board member should or should not be required to give the reasons for his or her vote on a particular proposition. On the one hand, the information requested by Plaintiff is relevant in that she has alleged discrimination and retaliation against the Defendant. On the other hand, Defendant is correct to note that a Board member is not required to explain his or her vote and typically does not do so.

In its briefing, Defendant pointed out that the Board consists of 29 individuals. The vote to terminate Plaintiff was near unanimous, thus the burden imposed on the Defendant of gathering this information from all board members as requested by the interrogatory is quite considerable. The Court therefore concludes that the Plaintiff's interrogatory as currently constructed does impose an undue burden on Defendant, and as such, Defendant need not respond any further to Interrogatory No. 3. This is not to say, however, that such information cannot be pursued by Plaintiff by other means. At the hearing, Defendant noted that the Plaintiff could take each Board member's deposition to discover the reasons for why a particular Board member voted for termination. With the Court's recent order requiring Defendant to disclose various portions of the Board's executive session tapes (Doc. 156), Plaintiff obviously has the

opportunity to target various Board members of interest to discover the information she is seeking.

C.     **Interrogatory No. 4**

Interrogatory No. 4 asks the Defendant the following: "[w]ith regard to the person(s) you identified in answer to Interrogatory 2 and 3, describe all information upon which he or she relied in supporting the discharge of plaintiff . . . . " (Doc. 113, Exh. 1, p. 2). Defendant responded with "to the extent" objections similar to Interrogatory No. 2 and No. 3 above, *i.e.*, attorney-client and work product privileges. *Id.* at p. 2-3. Plaintiff argued that at first, Defendant objected on the grounds that it needed a protective order and that once it got the protective order, it propounded the "to the extent objections" previously mentioned. As with Interrogatory No. 2 and No. 3, Defendant responded by noting that other co-Defendants were in a better position to respond. (Doc. 117, p. 2-3). Defendant further objected to the extent that it called for information protected by an appropriate privilege. *Id.*

Defendant argues that the instant interrogatory requests information from individual board members as to what information they relied upon in voting for the termination of Plaintiff's employment. Similar to Interrogatory No. 3, Defendant argues that this is another inquiry into the subjective state of mind of the Board members, and Board members are not required to supply such information at the time they cast their vote. (Doc. 127, p. 3). Defendant further maintains that it has continued to maintain its objection to this interrogatory in that it seeks privileged information. *Id.*

The Court's reasoning with respect to Interrogatory No. 3 applies equally to this interrogatory, and thus, Defendant need not ask each Board member what information they relied on in voting for the termination. However, Plaintiff's interrogatory also could be construed as requesting the information that was provided to the Board to help make its decision. Such an inquiry is fair game and would not require a burdensome subjective inquiry into the decision making of all Board members. In its briefing, Defendant noted that the County Board Chairman and County Administrator are in possession of the documents and information concerning the reasons they provided to the Board in support of Plaintiff's termination. (Doc. 127, p. 3). In light of the Court's ruling in Doc. 160 regarding the appropriate entity to respond to discovery requests, Defendant is now required to obtain any relevant information and documentation from the offices of the County Board Chairman and County Administrator pursuant to an appropriate discovery request. To the extent those offices are in possession of non-privileged documents that were provided to the Board to aid in the Board's decision making process, Defendant is required to supplement its response to this interrogatory consistent with Rule 33(d) by identifying and/or providing such documents to the Plaintiff.

**D.    Interrogatory No. 7**

Plaintiff propounded the following interrogatory to Defendant:

In ¶ 10 of your Defenses, you state that if plaintiff sustained any loss, she failed to use reasonable means to protect herself from loss and to mitigate her alleged losses and damages.  State all facts on which you base your claim that plaintiff failed to use reasonable care to mitigate her damages and all facts showing she was damaged by such failure.

(Doc. 113, Exh. 1, p. 4).

Defendant responded as follows: "[d]efendant objects to Interrogatory No. 7 to the extent this Interrogatory seeks information protected by the attorney work product and/or attorney-client privilege, seeks documents in the possession, custody, or control of Plaintiff, and seeks the mental impressions, conclusions and opinions of counsel. Defendant will inevitably learn more about who has knowledge of the facts in its Answer and Affirmative Defenses as discovery progresses, but is not required to share its discoveries with Plaintiff. . . . " (Doc. 113, Exh. 1, p. 5).

Plaintiff argues that it is permitted to discover information relevant to any defense, and information about facts supporting a defense is a relevant inquiry. (Doc. 113, p. 5). Defendant, however, argues that the interrogatory is improper because it broadly requests "all facts" supporting its affirmative defense, and thus it amounts to an overbroad and improper contention interrogatory. (Doc. 117, p. 4).

Contention interrogatories are permitted as Rule 33 specifically states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or ***contention*** that relates to fact or the application of law to fact[.]" FED. R. CIV. PROC. 33(a)(2) (emphasis added). A contention interrogatory is one that "require[s] the answering party to commit to a position and give factual specifics supporting its claims." *Flynn v. FCA US LLC*, No. 3:15-cv-855-SMY-RJD, 2019 WL 1746266, at *5 (S.D. Ill. Apr. 18, 2019). A contention interrogatory is a useful device as it can serve to "narrow[] the issues for litigation." *Id.* (quoting *Commerce Bank, N.A. v. Widger*, No. 06-CV-1103, 2008 WL 630611, at *1 (C.D. Ill. Mar. 5, 2008)).

Here, Plaintiff's request is a proper contention interrogatory as she merely seeks facts underlying the affirmative defenses advanced by the Defendant. However, a contention interrogatory causes an undue burden when it "require[s] a party to 'produce veritable narratives of their entire case.'" *Flynn*, 2019 WL 1746266, at *5 (quoting *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 WL1325103, at *6 (N.D. Ind. May 13, 3009)). Such an occurrence, for example, happens when an interrogatory asks for every fact to support a specific allegation. *See, e.g., IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kansas 1998)(noting that interrogatory which required a responding party to provide "each and every" fact would "require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details."). Plaintiff's interrogatory is overbroad as it asks Defendant to "[s]tate all facts." Plaintiff's interrogatory, however, does seek relevant information, and thus the Court finds it appropriate to order Defendant to supplement its answer to Interrogatory No. 7 by providing the principal or material facts underlying its affirmative defense. *See, e.g., IBP*, 179 F.R.D. at 321 (ordering party to answer interrogatory "by setting forth the material or principal facts, including any necessary application of law to fact."); *Stevens v. Dewitt County, Illinois*, No. 11-CV-3162, 2013 WL 819372, at *4 (C.D. Ill. Mar. 6, 2013)(ordering party to provide supplemental answers to interrogatories by identifying the principal or material facts supporting the claim identified in the interrogatory).

E.   **Interrogatory No. 8(D)**

Plaintiff propounded the following interrogatory to Defendant:

> In ¶ 11 of your Defenses, you state that plaintiff's claims are barred because defendant exercised reasonable care to prevent the alleged type of discrimination that Plaintiff complains of by adopting and publicizing appropriate anti-discrimination policies, and that plaintiff unreasonably failed to avail herself of the complaint procedures in the anti-discrimination policies. With regard to that allegation, state the following:
>
> D.   What do you contend plaintiff failed to do that was called for by the complaint procedures?

(Doc. 113, Exh. 1, p. 5-6).

> Defendant responded as follows:
>
> Defendant refers to its 2015 Personnel Policy Manual, which was placed on the Madison County Government Intranet and was accessible by all employees of Defendant, of all elected officials of Madison County government (except individual members of the County Board) and their employees, and of all employees of the Administration of Madison County.

(Doc. 113, Exh. 1, p. 6).

Plaintiff argues that Defendant did not answer the above interrogatory when it referred Plaintiff to the 2015 Personnel Policy Manual because what Plaintiff failed to do is not contained in a manual. (Doc. 113, p. 5). Defendant counters by arguing that this interrogatory is also an overbroad contention interrogatory. (Doc. 117, p. 5). The Court agrees with Plaintiff. First, Defendant did not answer the interrogatory when it referred Plaintiff to its policy manual as the interrogatory asks Defendant to state facts as opposed to asking for evidence or documents. *See, e.g., In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997)(noting that plaintiff's response directing the defendant to various records identified by plaintiff was not an appropriate response where the interrogatory asked the plaintiff to "state the facts" supporting various allegations in her complaint). Second, this interrogatory is unlike Interrogatory No. 7, which asked the Defendant to

"state all facts." Rather, this interrogatory simply asks what Plaintiff failed to do. Thus, it is not as overbroad as Interrogatory No. 7, and should be answered. In its sur-reply, Defendant indicated that it was willing to supplement its answer by identifying the complaint procedures that Plaintiff failed to utilize. (Doc. 127, p. 3). To the extent that Defendant has not already done so, the Court orders Defendant to provide a supplementary response to Interrogatory No. 8(D).

### F.  Interrogatory No. 11

Plaintiff propounded the following interrogatory to Defendant:

> With regard to the following people, describe all training he has received concerning sexual harassment, including date of such training and contents, and the obligation not to retaliate for complaints about sexual harassment. This includes what constitutes sexual harassment, prevention of sexual harassment, what to do if the person learns about a complaint of sexual harassment, and retaliation. Plaintiff, Douglas Hulme, Robert Dorman, Philip Chapman, Kurtis Prenzler, John Thompson, Stephen Adler, Rob Schmidt, Clint Jones.

(Doc. 113, Exh. 1, p. 7).

Defendant responded as follows:

> Defendant objects to Interrogatory No. 11 as it is not relevant to Plaintiff's claims or Defendant's defenses; is not proportional to the needs of the instant litigation, and is burdensome. Defendant refers to sign-in sheets and training materials provided by Defendants Hulme and Prenzler.

(Doc. 113, Exh. 1, p. 8).

Plaintiff points out again that Defendant referred Plaintiff to various documents purportedly produced by other Defendants, but the answer was not contained in such documents. (Doc. 113, p. 5-6). Plaintiff further argues that Defendant's objections as to burden, relevance, and proportionality are not well taken. *Id.* at 6-7. Defendant counters

by arguing that the Plaintiff has directed discovery to the other co-Defendants, *i.e.*, Hulme, Prenzler, and Chapman, and thus its answers referred Plaintiff to the records provided by those Defendants. (Doc. 117, p. 5). Defendant also argues that the sexual harassment training received by other co-Defendants is better answered by those individuals. *Id.* Defendant finally argues over the relevance of sexual harassment training received by non-parties to the case. *Id.*

The Court overrules Defendant's burden, relevance and proportionality objections. First, Defendant did not support its objections based on burden with facts. Typically, a party must support such objections through affirmative proof such as affidavits or testimony. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 360 (N.D. Ill. 2005). Second, as to relevance, the Court agrees with Plaintiff. Defendant asserted that it took measures to prevent sexual harassment by adopting and publicizing various policies. (Doc. 23, ¶ 11). Defendant's sexual harassment policy and how and whether it trained various people in connection with such policy are certainly relevant to Defendant's claim that it took appropriate steps to prevent sexual harassment. The instant interrogatory is thus relevant by virtue of the Defendant's own pleadings. Finally, regarding proportionality, Defendant did not address the factors required for determining proportionality and only made a boilerplate objection. The Court further notes that Plaintiff did not seek information regarding the training of all individuals within Madison County, but rather limited her request to a limited number of individuals. As such, on its face, Plaintiff's request appears proportional to the needs of

the case. Therefore, the Court overrules Defendant's objections and orders Defendant to supplement its response to Interrogatory No. 11.

## CONCLUSION

In light of the above, the Court hereby **GRANTS** in part and **DENIES** in Part Plaintiff's Motion to Compel as to Madison County's Supplemental Interrogatory Answers. (Doc. 113). Defendant Madison County shall have **fourteen (14) days** from the date of this Order to produce supplementary interrogatory responses to Plaintiff consistent with this Order.

**IT IS SO ORDERED.**

Dated: September 22, 2020.

Digitally signed by Judge Sison 2
Date: 2020.09.22 08:38:35 -05'00'

GILBERT C. SISON
United States Magistrate Judge